**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LIBERTY NATURAL PRODUCTS, INC., and, JAMES R. DIERKING,** | **3:13-cv-00886-BR** |
| **Plaintiffs,** | **OPINION AND ORDER** |
| **v.** | |

**VALERIE HAWK HOFFMAN, AKA VALERIE HOLLAND HAWK, AKA VALERIE HAWK FUREY, AKA ARDEN HOFFMAN, AKA ARDEN KOFFMAN, AKA ALLIE LOUGHLIN, AKA ALLIE LOUGHLIN; DAVID BOYD HOFFMAN, AKA DAVID BOYD, AKA DAVID KOFFMAN; SUNRISE HERBAL REMEDIES, INC., DISSOLVED; SAGE ADVICE OF PALM BEACH INC., DISSOLVED; FRESH HERBS AND TEAS, INC, LLC; PEACEFUL PROPERTIES LLC; HOFFMAN AND HAWK LLC; AND WESLEY AMOS HAWK; AND UNNAMED PERSONS AIDING THEM IN COURT PROCEEDINGS,**

**Defendants.**

**ROGER F. DIERKING**
13513 NE Beech St.
Portland, OR 97230
(503) 257-7056

**TIMOTHY J. VANAGAS**
800 SE 181st Ave, Suite 101
Portland, OR 97223
(503) 667-2350

Attorneys for Plaintiffs

**WILLIAM D. BRANDT**
495 State St., Suite 500B
Salem, OR 97301
(503) 485-4168

Attorney for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Motion (#111) to Dismiss Under Rule 12(b) and the Alternative Motion (#114) to Strike Certain Paragraphs of Plaintiffs' Second Amended Complaint filed by Defendants Valerie Hawk Hoffman; David Hoffman; Wesley Amos Hawk; Peaceful Properties, LLC; and Hoffman and Hawk, LLC.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss and **DENIES as moot** Defendants' Motion to Strike.

<u>**BACKGROUND**</u>

The following facts are taken from Plaintiffs' Second Amended Complaint and the pleadings submitted by the parties and are construed in the light most favorable to Plaintiffs.

Plaintiff Liberty Natural Products, Inc., is an Oregon corporation engaged in the manufacture, marketing, and distribution of herbal extracts. Plaintiff James R. Dierking is the president, CEO, and sole shareholder of Liberty Natural.

Defendant Valerie Hoffman is a Florida resident and was the president of Defendant Sunrise Herbal Remedies, Inc., a Connecticut corporation. Sunrise was engaged in the sale and

distribution of herbal extract consumer goods and did business in Oregon.  On May 1, 2006, Sunrise was dissolved.  On May 23, 2006, Valerie Hoffman formed Defendant Sage Advice of Palm Beach, LLC, a Florida corporation, which was also subsequently dissolved.  In February 2007 Valerie Hoffman formed Defendant Fresh Herbs and Teas, LLC, a Florida corporation, which was also subsequently dissolved.  Defendant David Hoffman, the former husband of Valerie Hoffman, is also a Florida resident and was the manager and operator of Sunrise and Fresh Herbs.  Defendant Peaceful Properties, LLC, is a Maine corporation formed by David Hoffman for the purpose of holding certain real property.  Defendant Wesley Amos Hawk, who is Valerie Hoffman's father, is a resident of Connecticut and was the general manager of Defendant Hoffman and Hawk, a dissolved Connecticut limited liability company.

Sometime in 2008 Liberty filed an action against Valerie Hoffman, David Hoffman, and Sunrise in Clackamas County Circuit Court for debts owed to Liberty Natural.  Valerie Hoffman filed a counterclaim against Liberty.  In April 2009 Liberty obtained a judgment in the Clackamas County case for $152,252.91 against Valerie Hoffman and Sunrise.  David Hoffman was found not liable for the debts owed by Valerie Hoffman and Sunrise.

In December 2010 Liberty filed another action against Valerie Hoffman, Sunrise, Sage, and Kevin Brague in Clackamas County Circuit Court and asserted a claim for wrongful use of civil proceedings.  On March 2, 2011, Valerie Hoffman filed a Notice of Removal to federal court, Case No. 3:11-cv-00264.  The

removal action was assigned to Magistrate Judge Dennis J. Hubel.

On May 29, 2013, Liberty and James R. Dierking filed a Complaint in this court, Case No. 3:13-cv-00886, asserting claims for intentional interference with business relationships and fraud against all Defendants. Plaintiffs also sought an injunction against Defendants and a declaration that Defendants had violated federal RICO statutes. The case was assigned to this judicial officer.

On July 25, 2013, Valerie Hoffman filed a Notice (#10) of Bankruptcy Filing in which she stated that she had filed a petition in the United States Bankruptcy Court for the Middle District of Florida seeking relief under Chapter 13 of the bankruptcy laws.

On July 29, 2013, the Court directed the parties to file a notice with this Court and to indicate whether there was a basis for this action to proceed without obtaining relief in the bankruptcy court from the automatic stay. Order (#11).

On August 11, 2013, Plaintiffs filed a Notice (#12) of Basis to Continue Proceedings Without Obtaining Relief from Automatic Stay, requested the Court "sever all claims" as to all Defendants other than Valerie Hoffman, and requested leave to file a motion for preliminary injunction as to all other Defendants. Plaintiffs also requested leave to seek relief from the automatic stay in the bankruptcy court as to Valerie Hoffman.

On August 26, 2013, Valerie Hoffman filed a Response to Plaintiffs' Notice and provided a copy of an Order issued by

Magistrate Judge Hubel staying the case assigned to him based on Valerie Hoffman's bankruptcy filing.

On August 29, 2013, the Court issued a stay in this case. The Court stated:

> [T]here is not any basis to find the automatic stay does not apply to Defendant Valerie Hoffman in whatever capacity she may be designated in Plaintiffs' Complaint and to the other named Defendants for whose actions Hoffman is allegedly responsible. Thus, the Bankruptcy Court is in the best position to determine the extent to which these litigants' issues should be resolved in the bankruptcy proceeding as opposed to this pending matter. Accordingly, the Court finds the automatic stay applies in this action, which the Court now STAYS for all purposes pending an order from the Bankruptcy Court authorizing relief from stay as to all or part of this action. . . . Finally, unless such relief [from] stay is obtained before December 16, 2013, the Court will then dismiss this action without prejudice to Plaintiffs' efforts to pursue its claims in the Bankruptcy Court.

Order (#16).

On December 15, 2013, Plaintiffs filed a Motion (#24) to Continue this case pending further proceedings in the Bankruptcy Court.

On December 28, 2013, the Court granted Plaintiffs' request, continued the case, and directed Plaintiffs to file a status report after relief from the stay was obtained or on resolution of the bankruptcy matter. Order (#28).

On January 8, 2015, Plaintiffs filed a Status Report (#38) and stated the bankruptcy court had issued an order "providing relief of the automatic stay to Liberty and Dierking to continue the litigation in the Oregon District Court against non-Debtors David Boyd Hoffman, Peaceful Properties, LLC, Hoffman and Hawk,

LLC, and Wesley Amos Hawk."

On January 14, 2015, the Court granted Plaintiffs leave to file a motion to continue these proceedings against the non-debtor Defendants. Order (#39). On February 11, 2015, Plaintiffs filed a Motion (#41) to Continue Proceedings against the non-debtor Defendants.

On March 2, 2015, the non-debtor Defendants filed a Motion (#44) to Dismiss Plaintiffs' Complaint based on lack of personal jurisdiction, improper venue, lack of proper service, and failure to state a claim. The non-debtor Defendants indicated their Motion to Dismiss was a "Limited Appearance." They also filed a Response (#45) to Plaintiffs' Motion to Continue Proceedings against them on the same grounds asserted earlier in their Motion to Dismiss.

On April 10, 2015, Plaintiffs filed a Motion (#58) to Postpone Court Action on the Defendants' Motion to Dismiss Until Plaintiff Has Made Service upon the Defendants Wesley Hawk and David Hoffman and Their Depositions Have Been Taken and a Motion (#59) to Allow Service by Alternative Means. On April 16, 2015, the non-debtor Defendants filed their oppositions (#62, #63) to Plaintiffs' Motions.

On April 17, 2015, the Court denied Plaintiffs' Motion to Postpone Court Action on Defendants' Motion to Dismiss and set a briefing schedule for Defendants' Motion to Dismiss and Plaintiffs' Motion for Alternative Service. Order (#65).

On July 8, 2015, the Court denied Plaintiffs' Motion to

Continue Proceedings against David Hoffman, Peaceful Properties, Hoffman and Hawk, and Hawk.  Order (#78).  The Court stated:

> After considering the parties' Motions, the Court concludes although the automatic bankruptcy stay no longer necessitates a stay of this matter as to Defendants David Boyd Hoffman; Peaceful Properties, LLC; Hoffman & Hawk, LLC; and Wesley Amos Hawk, the continuance of a stay is, nonetheless, appropriate in the exercise of this Court's case-management discretion because the claims in this action against the non-debtor Defendants are inextricably intertwined with the claims against the bankruptcy debtor Defendant Valerie Hawk Furey (formerly Valerie Hawk Hoffman).

The Court also denied as moot Defendants' Motion to Dismiss and Plaintiffs' Motion for Alternative Service.

On February 9, 2017, Defendants filed a Notice (#93) of Discharge in Bankruptcy as to Valerie Hoffman.  On March 6, 2017, the parties filed a Joint Status Report (#95) asserting various positions regarding the effect of the bankruptcy discharge.

On March 9, 2017, the Court lifted the stay in this case and directed the parties to file by March 24, 2017, a Joint Statement of Remaining Issues and a proposed case-management schedule.

On April 3, 2017, in response to the parties' Joint Statement, the Court stated:

> The Court concludes an important step to moving this matter to conclusion requires a current statement of all Plaintiff[s'] claims that Plaintiff[s] contend[] should be litigated in this proceeding, and, therefore, the Court concludes in the exercise of its case-management discretion that Plaintiff[s] should be permitted to file an Amended Complaint.  The Court also notes because Defendants' original Motion to Dismiss (#44) was denied as moot (#78) and because that Motion to Dismiss raised issues of jurisdiction and service, those fundamental legal matters need to be addressed in motions against any Amended Complaint if Plaintiff[s] choose[] to file an Amended Complaint or against the existing Complaint (#1) together with Defendants'

> challenge referenced in the Joint Statement (#97) in which Defendants assert all claims against them are barred because of the bankruptcy discharge of Valerie Hoffman.

Order (#99). The Court subsequently set deadlines for the filing of Plaintiffs' Amended Complaint and Defendants' "answer, motion to dismiss, or other challenge" to the Amended Complaint.

On July 10, 2017, Plaintiffs filed an Amended Complaint (#107). On July 13, 2017, Plaintiffs filed a Second Amended Complaint (#108) to "correct clerical errors in Plaintiffs' Amended Complaint" and to assert claims for fraud, intentional interference with business relations, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*. Plaintiffs also seek an injunction and declaratory judgment referring Defendants to the United States Attorney for criminal prosecution.

On August 7, 2017, all Defendants filed their Motion (#111) to Dismiss and Alternative Motion (#114) to Strike.

**STANDARDS**

I. **Motion to Dismiss**

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. *Id.* at 556.
"The plausibility standard is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that
a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a
complaint is based on facts that are "merely consistent with" a
defendant's liability, it "stops short of the line between
possibility and plausibility of entitlement to relief." *Iqbal*,
556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell
Atlantic*, 550 U.S. at 555-56. The court must accept as true the
allegations in the complaint and construe them in favor of the
plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure
8 "does not require 'detailed factual allegations,' but it
demands more than an unadorned, the-defendant-unlawfully-harmed-
me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2).
"A pleading that offers 'labels and conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do.'"
*Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not
suffice if it tenders "naked assertion[s]" devoid of "further
factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits

attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

## II.  **Motion to Strike**

Motions to strike are disfavored and are not the proper vehicle to dismiss a claim for failure to state a claim. *Pinnacle Sys., Inc. v. XOS Tech., Inc.*, No. C-02-03804, 2003 WL 21397845, at *4 (N.D. Cal., May 19, 2003). Federal Rule of Civil Procedure 12(f) allows the court to strike any "redundant, immaterial, impertinent, or scandalous material." To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy. *Employers Ins. of Wausau v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 391 (S.D. Cal. 1994), *opin. amended on reconsideration*, 948 F. Supp. 942 (S.D. Cal. 1995). "Immaterial matter" within the meaning of Rule 12(f) is material that does not have any essential or important relationship to the claim or the defenses being pleaded. *Van*

*Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1367 (N.D. Cal. 2007).

When considering a motion to strike, the court must view the pleadings in the light most favorable to the nonmoving party. *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## **DISCUSSION**

In their Second Amended Complaint Plaintiffs allege a myriad of facts regarding actions by and between the parties over many years in Maine, Florida, and Oregon. The basis of this action is the inability of Plaintiffs to collect a judgment they obtained in Oregon against Valerie Hoffman and the allegedly fraudulent conduct by Defendants that kept Plaintiffs from collecting that judgment.

## I.   **Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' claims on the grounds that (1) Plaintiffs' claims against Valerie Hoffman violate the discharge that she obtained in the bankruptcy proceeding and the settlement agreement between the parties; (2) Plaintiffs have not properly served Defendants David Hoffman, Wesley Amos Hawk, Peaceful Properties, and Hoffman and Hawk (non-debtor Defendants); (3) non-debtor Defendants are not subject to the personal jurisdiction of this Court; (4) Plaintiffs' claims

against all Defendants are barred by the applicable statute of limitations; (5) Plaintiffs fail to state a claim against all Defendants; and (6) Plaintiffs' claims against all Defendants are barred by the doctrine of *res judicata.* Defendants also contend Plaintiffs do not have standing to request that the Court refer this matter to the United States Attorney for criminal prosecution.

In their Response Plaintiffs contend (1) Defendants' Motion to Dismiss is not timely, (2) Valerie Hoffman is an indispensable party, (3) non-debtor Defendants were properly served and are subject to the jurisdiction of this Court, (4) Plaintiffs have adequately stated claims against all Defendants, and (5) Plaintiffs' claims against all Defendants are not barred by the statute of limitations or by *res judicata*.

**A.   Claims against Valerie Hoffman**

As noted, the Court stayed this case on August 29, 2013, based on the automatic stay imposed by the bankruptcy court at the time Valerie Hoffman filed for bankruptcy. Plaintiffs, nevertheless, contend Valerie Hoffman is "an indispensable party." Plaintiffs, however, fail to provide any legal authority to support their proposition, and the Court's Orders (#16, #78) relied on by Plaintiffs do not support their position. In those Orders the Court concluded the automatic stay imposed by Valerie Hoffman's bankruptcy petition applied to this action and was appropriate because the claims asserted against the non-debtor Defendants were "inextricably intertwined" with the claims

against Valerie Hoffman to such a degree that Plaintiffs' claims against the non-debtor Defendants *might* become moot if Valerie Hoffman was discharged in bankruptcy.

In addition, Defendants attach to their Motion to Dismiss a copy of the Settlement Agreement dated November 7, 2014, between Plaintiffs and Valerie Hoffman. In that Settlement Agreement the parties agreed Plaintiffs would withdraw their opposition to Valerie Hoffman's discharge in bankruptcy and agreed

> [u]pon the filing by [Plaintiffs] of a motion for relief from the automatic stay to continue litigation in Oregon and Florida against non-debtor defendants, David Hoffman and Wesley Hawk, [Valerie Hoffman] will consent to, or not oppose, the relief requested in such motions, so long as such motions are limited to seeking relief from the automatic stay to continue litigation against the non-debtor defendants only.

Decl. of William Brandt (#113), Ex. 3 at ¶ 6.

Based on the discharge in bankruptcy obtained by Valerie Hoffman and the Settlement Agreement between the parties, the Court concludes Plaintiffs' claims against Valerie Hoffman are barred. On this record, therefore, the Court concludes Valerie Hoffman is not an indispensable party for purposes of this litigation. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims against Valerie Hoffman.

**B. Timeliness of Defendants' Motion to Dismiss**

Plaintiffs contend Defendants' Motion is not timely on the ground that it was filed more than four years after this action was commenced and after the Court's Order (#16) "established jurisdiction."

Federal Rule of Civil Procedure 12 requires a defendant to file a responsive pleading or motion within 21 days of being served with summons and complaint. Plaintiffs' initial Complaint in this case was filed on May 29, 2013. On July 17, 2013, Valerie Hoffman filed a Notice (#7) of Related Case advising the Court of the pending case before Magistrate Judge Hubel. On July 25, 2013, Valerie Hoffman filed her Notice (#10) of Bankruptcy Filing. As noted, the Court indicated its intention to stay this matter pursuant to the bankruptcy notice. Although Plaintiffs objected and requested this case to continue without obtaining any relief from the automatic stay, the Court, nevertheless, entered an Order (#16) on August 29, 2013, staying this case "for all purposes."

On January 8, 2015, Plaintiffs filed a Notice (#38) on Bankruptcy Motion Status stating the bankruptcy court had issued an order on December 16, 2014, providing relief from the automatic stay to allow Plaintiffs to continue the case in this Court as to the non-debtor Defendants.

On February 22, 2015, Plaintiffs filed a Motion (#41) to Continue Proceedings Against Non-Debtor Defendants.

On March 2, 2015, non-debtor Defendants filed a Motion (#44) to Dismiss Plaintiffs' Complaint on the grounds of lack of personal jurisdiction, improper venue, lack of service, and failure to state a claim. Non-debtor Defendants indicated their Motion was a "limited appearance."

On April 20, 2015, Plaintiffs filed a Motion (#58) to

Postpone Court Action on Defendants' Motion to Dismiss and a Motion (#59) to Allow Service by Alternative Means on David Hoffman and Hawk.

On July 8, 2015, the Court continued the stay in this case and denied as moot non-debtor Defendants' Motion (#44) to Dismiss and Plaintiffs' Motion (#59) to Allow Alternative Service. Order (#78).

On March 9, 2017, the Court lifted the stay in this case. Order (#96). The Court also noted the outstanding issues raised by non-debtor Defendants' original Motion (#44) to Dismiss filed in 2015 and the possibility that Plaintiffs "may choose to file an amended complaint."

On April 5, 2017, the parties filed a Supplemental Joint Case Management Statement (#100) in which they indicated Plaintiffs intended to file an amended complaint. The Court set a deadline of June 5, 2017, for Plaintiffs to file their amended complaint and on June 9, 2017, extended that deadline to July 10, 2017. On July 10, 2017, the Court extended the deadline for Defendants' response to August 7, 2017.

On July 10, 2017, Plaintiffs filed their Amended Complaint (#107) and on July 13, 2017, filed a Second Amended Complaint (#108) "to correct clerical errors." On August 7, 2017, Defendants filed their Motion (#111) to Dismiss.

On this record the Court concludes Defendants' Motion to Dismiss was timely filed.

## C. Service on Non-Debtor Defendants

Non-debtor Defendants contend they have not been properly served with summons and complaint in accordance with Rule 4©) because they have not been personally served.

### 1. The Law

Federal Rule of Civil Procedure 4(e) provides an individual within a judicial district of the United States may be served (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, (2) by personal service, (3) by service at the individual's dwelling or usual place of abode to someone of suitable age who also resides there, or (4) by service upon an agent authorized to receive service.

Oregon Rule of Civil Procedure 7D(2)(d)(I) provides service of a summons and complaint may be accomplished by personal service, substitute service, office service, or service by mail. Service by mail requires mailing true copies of the summons and complaint to the defendant by first class mail and by certified, registered, or express mail with return receipt requested. Under Oregon Rule of Civil Procedure 7D(2)(d)(ii) service is accomplished when the defendant signs a receipt for the mailing or seven days after the mailing if mailed to an address outside of the state. Or. R. Civ. P. 7D(2)(d)(ii).

### 2. David Hoffman has been properly served.

Plaintiffs argue the Court should conclude David

Hoffman has been served "because of the adverse inference stemming from his egregious misconduct" in avoiding personal service. Plaintiffs contend, in any event, David Hoffman was served through his attorney.

On February 11, 2015, Plaintiffs filed the Declaration (#43) of Roger Dierking in Support of Plaintiffs' Motion (#41) to Continue Proceedings Against Non-Debtors. Attached to the Declaration is an Affidavit of Due Diligence and Evasion submitted by a process server listing service attempts at David Hoffman's residence in Florida on June 29, July 10, July 12, and July 20, 2013, that were unsuccessful. Decl. Dierking at Ex. 11. On July 2, 2013, Plaintiffs mailed a copy of the Summons and Complaint to David Hoffman at his Florida residence by first class and certified mail. These mailings were returned as "unclaimed," "unable to forward," and "return to sender."

Although David Hoffman concedes the Florida address to which these mailings were sent was his residence, he contends he "was only in Florida on and off during the summer months of 2013."

Pursuant to the Federal Rules of Civil Procedure and the Oregon Rules of Civil Procedure, service by mail is allowed and is complete seven days after mailing to an out-of-state address. Plaintiffs' mailing to David Hoffman at his residence in Florida was made July 2, 2013, and, therefore, service was completed on him as of July 9, 2013.

**3. Hawk, Peaceful Properties, and Hoffman and Hawk have not been properly served.**

In their Response to Defendants' Motion to Dismiss Plaintiffs do not provide any arguments regarding service on Hawk, Peaceful Properties, or Hoffman and Hawk. In their Second Amended Complaint, however, Plaintiffs allege Hawk was served with summons and complaint by serving his attorney.

Service on an attorney does not qualify as service on the party unless the agent is authorized to receive process. Or. R. Civ. P. 7D(1). *See also Bishop v. OBEC Consulting Eng'rs*, 160 Or. App. 548, 555 (1999).

In summary, the Court concludes on this record that David Hoffman has been properly served with summons and complaint and Hawk, Peaceful Properties, and Hoffman and Hawk have not been properly served with summons and complaint. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as to David Hoffman and **GRANTS** the Motion as to Hawk, Peaceful Properties, and Hoffman and Hawk on the basis that these non-debtor Defendants have not been properly served.

### D. Personal Jurisdiction

Even if Hawk, Peaceful Properties, and Hoffman and Hawk had been properly served, non-debtor Defendants contend this Court lacks personal jurisdiction over any of the non-debtor Defendants because they have not engaged in any conduct in Oregon sufficient to subject them to the jurisdiction of this Court.

Plaintiffs contend David Hoffman is subject to the jurisdiction of this Court on the grounds that he made regulatory complaints in Clackamas County that were intended to further the

conspiracy to damage and to intimidate Plaintiffs in their Oregon business. Plaintiffs also contend non-debtor Defendants entered a general appearance in this Court and subjected themselves to the Court's jurisdiction by filing an unopposed motion for extension of time to answer Plaintiffs' Amended Complaint.

### 1. The Law

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish that jurisdiction exists. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d at 1285). If the court makes a jurisdictional decision based only on pleadings and affidavits submitted by the parties, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). When determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of

uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002). If the court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts, unless directly contravened, is taken as true and the court must resolve factual conflicts in the parties' affidavits in favor of the plaintiff. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).

### a.  General Personal Jurisdiction

For general personal jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

### b.  Specific Personal Jurisdiction

When a court lacks general jurisdiction, the court may, nonetheless, determine it has specific personal jurisdiction when (1) the nonresident defendant purposefully directs his activities or consummates some transaction with the forum, or purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim arises out of or relates to

the defendant's forum-related activities; and (3) the exercise of
jurisdiction comports with fair play and substantial justice
(*i.e.*, it must be reasonable). *Schwarzenegger*, 374 F.3d at 802
(citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The
plaintiff bears the burden of satisfying the first two
requirements of this test. If the plaintiff fails to satisfy
either of these requirements, personal jurisdiction is not
established in the forum state. If the plaintiff succeeds in
satisfying the first two requirements, the burden shifts to the
defendant to "present a compelling case" that the exercise of
personal jurisdiction would not be reasonable. *Id.* (citing
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

>    **2.    David Hoffman is subject to the personal
>            jurisdiction of this Court**.

Plaintiffs allege claims for fraud, intentional
interference with business relations, civil conspiracy, and RICO
violations. Although Plaintiffs allege numerous acts by David
Hoffman that occurred outside of the State of Oregon, Plaintiffs
specifically allege David Hoffman filed a land-use complaint with
Clackamas County in Oregon regarding Plaintiffs' business
operations and that complaint as well as other complaints made by
David Hoffman to the FDA and EPA interfered with Plaintiffs'
"contractual and prospective economic advantage" and constitute
sufficient contacts with this state to confer personal
jurisdiction over David Hoffman. Plaintiffs allege David Hoffman
filed complaints with Clackamas County and other federal agencies
regarding Plaintiffs' business operations in Oregon, and

Plaintiffs' claim of intentional interference with business relations arises out of or relates to these activities. David Hoffman's conduct supports the conclusion that he purposefully availed himself of the privilege of conducting activities in this state.

David Hoffman concedes he made statements against Plaintiffs in Oregon, but he contends the statements are privileged and, therefore, do not constitute sufficient contacts with the forum state to subject him to the personal jurisdiction of this Court.

Here the Court finds the facts related to David Hoffman's conduct in Oregon as alleged in this case fall short of being "continuous and systematic," and, therefore, they do not establish this Court's general jurisdiction over David Hoffman. David Hoffman, however, has not submitted any evidence that presents a "compelling case" that this Court lacks personal jurisdiction over him. David Hoffman's contention that his communications are "privileged" does not defeat the Court's exercise of personal jurisdiction over him. Such contention relates only to the legal efficacy of Plaintiffs' claim rather than whether this Court has personal jurisdiction over him.

On this record, therefore, the Court concludes Plaintiffs have met their burden to establish that David Hoffman is subject to the personal jurisdiction of this Court. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss for lack of personal jurisdiction as to David Hoffman.

**3.     Hawk, Peaceful Properties, and Hoffman and Hawk are not subject to the personal jurisdiction of this Court.**

Plaintiffs have not submitted any evidence nor made any argument in response to Defendants' assertions that this Court does not have personal jurisdiction over Hawk, Peaceful Properties, or Hoffman and Hawk except to state that non-debtor Defendants' unopposed Motion (#109) for Extension of Time to Answer Amended Complaint constitutes a "general appearance" and subjects them to the personal jurisdiction of this Court. Non-debtor Defendants, in turn, contend such a motion is not an appearance sufficient to confer jurisdiction.

"Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court, and that overt act affirms an intention to appear." *Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986)(holding the defendants' three motions to extend time to respond to the complaint did not constitute  a general appearance).  In *Blankenship v. Account Recovery Services, Inc.*, the court held the defendant's participation in a telephone discovery conference and signing of the proposed discovery plan did not result in a general appearance.  No. 15-cv-2551, 2017 WL 1653159, at *2 (S.D. Cal., May 2, 2017).

Here the first "appearance" in this case by Hawk, Peaceful Properties, and Hoffman and Hawk was their Motion (#44) to Dismiss filed March 2, 2015, in response to Plaintiffs' Motion to Continue Proceedings against them.  In that Motion they specifically stated they were making a "limited appearance" and asserted the same defenses raised in their current Motion to Dismiss, which they also note is a "limited appearance."

On this record the Court concludes it does not have personal jurisdiction as to Hawk, Peaceful Properties, and Hoffman and Hawk.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims against Hawk, Peaceful Properties, and Hoffman and Hawk.

**E.    Statute of Limitations**

Even if this Court had personal jurisdiction over Hawk, Peaceful Properties, and Hoffman and Hawk, Defendants contend Plaintiffs' claim for fraud against all non-debtor Defendants is barred by the statute of limitations.  Defendants assert the alleged fraudulent conduct (*i.e.*, the promise in 2006 or 2007 to pay Valerie Hoffman's debt by using property in Maine and Connecticut) purportedly took place more than two years before this action was filed in 2013.  Defendants contend Plaintiffs knew or reasonably should have known about any alleged fraudulent conduct when Plaintiffs filed their action in Clackamas County against Valerie and David Hoffman.

In response Plaintiffs assert the two-year statute of limitations does not apply because Plaintiffs could not have

known of any fraudulent conduct by David Hoffman since the
litigation in Maine between Plaintiffs and David Hoffman
regarding the alleged fraudulent transfer of property was still
pending and had not been completely litigated.  Plaintiffs have
since filed a Notice (#124) on Related Case Status and provided a
copy of the Memorandum Decision of the Maine Supreme Court
affirming that trial court's judgment in favor of David Hoffman
that he did not fraudulently transfer the property in Maine to
Valerie Hoffman.

### 1.    The Law

Plaintiffs' claim for common-law fraud arises under
Oregon law and is controlled by Oregon's statute of limitations.
"[In] a diversity case, substantive issues are controlled by
state law and procedural issues are controlled by federal law."
*Erie R. Co. v. Tomkins*, 304 U.S. 64 (1938). "[S]tate law
determines when an action is commenced for statute of limitations
purposes." *Burroughs v. Shinn*, No. 04-cv-1019, 2006 WL 305910,
at *3 (D. Or. Feb. 7, 2006)(citing *Walker v. Armco Steel Corp.*,
446 U.S. 740, 751 (1980)).

In Oregon an action for fraud must be brought within
two years of the discovery of the allegedly fraudulent conduct.
Or. Rev. Stat. § 12.110(1).  For purposes of this statute a
plaintiff "discovers" the fraud "when the plaintiff knew or
should have known of the alleged fraud." *Bell v. Benjamin*, 232
Or. App. 481, 486 (2009)(citing *Mathies v. Hoeck*, 284 Or. 539,
542-43 (1978)). "Whether the plaintiff should have known of the

alleged fraud depends on a two-step analysis.  First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry.  If plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id.*

### 2.  Analysis

Plaintiffs filed their original Complaint in this Court on May 29, 2013.  In their Second Amended Complaint Plaintiffs allege their "claims are based on the Defendants' fraudulent activities against Plaintiffs in Plaintiff[s'] 2008 to 2009 Circuit Court of Clackamas County, Oregon proceedings and related prior and subsequent fraudulent and unlawful activities from 1994 to the present time in Connecticut, Maine and Florida Courts and in Oregon Circuit Court of Clackamas County, the Oregon United States District Court and the Florida Middle District Bankruptcy Court."

Although Plaintiffs allege numerous acts by Defendants that were purportedly fraudulent, many of which occurred more than two years before Plaintiffs filed their Complaint in this Court, Plaintiffs do not identify when they learned about these acts nor do Defendants provide any evidence as to this issue.

Defendants, however, argue a reasonable person in Plaintiffs' position would have investigated the financial status of Valerie and David Hoffman after failing to receive payment in 2006 or 2007 for their indebtedness as promised, and a reasonable

person, therefore, would have had notice that they had a possible claim against Valerie and David Hoffman.  Defendants argue Plaintiffs also were or should have been aware that the promise to pay was false when they sued the Hoffmans in Oregon in 2008.

The Court notes, however, the fact that Plaintiffs sued Valerie and David Hoffman to collect the delinquent debt that the Hoffmans had promised to pay does not, standing alone, support an inference that Plaintiffs at that time had knowledge of any fraudulent conduct by the Hoffmans.

On this record the Court cannot conclude as a matter of law that Plaintiffs had reasonable knowledge or had a reason to know that David Hoffman or any other Defendant had committed a fraudulent act more than two years before Plaintiffs filed their Complaint in this Court.  Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' fraud claim based on the statute of limitations with leave to Defendants to litigate this defense as a disputed issue of fact to be resolved by a jury.

**F.**    ***Res Judicata***

Defendants contend Plaintiffs' claims for fraud and intentional interference with business relations are, in any event, barred by the doctrine of *res judicata*.  Defendants assert Plaintiffs could have litigated their fraud claim in the breach-of-contract action that Plaintiffs filed in Clackamas County in 2008 and/or in the actions filed in Maine and Florida.

In response Plaintiffs note there was not a claim for

intentional interference with business relations in any of the
other actions between the parties.  Plaintiffs also point out
that they are not seeking the same relief that was sought in
other litigation.

### 1.   The Law

The preclusive effect of a judgment is defined by claim
preclusion and issue preclusion, which are collectively referred
to as "*res judicata.*"  *Taylor v. Sturgell*, 553 U.S. 880, 892
(2008).  "Claim preclusion bars any subsequent suit on claims
that were raised or could have been raised in a prior action."
*Cumbre, Inc. v. State Compensation Ins. Fund*, No. 09-17190, 2010
WL 4643044, at *1 (9th Cir. Nov. 17, 2010)(citing *Cell Thera-
peutics, Inc. v. Lash Group, Inc*., 586 F.3d 1204, 1212 (9th Cir.
2009)).  "'It is immaterial whether the claims asserted
subsequent to the judgment were actually pursued in the action
that led to the judgment; rather, the relevant inquiry is whether
they could have been brought.'"  *Tahoe-Sierra Pres. Council, Inc.
v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.
2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*,
147 F.3d 905 (9th Cir. 1998)).  Issue preclusion, in contrast,
bars "successive litigation of an issue of fact or law actually
litigated and resolved in a valid court determination essential
to the prior judgment" even if the issue recurs in the context of
a different claim.  *Taylor*, 553 U.S. at 892.

By "preclud[ing] parties from contesting matters that

they have had a full and fair opportunity to litigate," these two
doctrines protect against "the expense and vexation attending
multiple lawsuits, conserv[e] judicial resources, and foste[r]
reliance on judicial action by minimizing the possibility of
inconsistent decisions." *Id.* (citing *Montana v. United States*,
440 U.S. 147, 153–54 (1979)).

### 2.  Analysis

In 2008 Plaintiffs filed an action in Clackamas County
Circuit Court against Valerie and David Hoffman to collect the
account receivable owed by Valerie Hoffman.  In 2011 Plaintiffs
filed an action in Maine against Valerie and David Hoffman to set
aside the transfer of property in 2007 from the Hoffmans to
Peaceful Properties, LLC.  In 2011 Plaintiffs also filed an
action in Florida against the Hoffmans to set aside another
transfer of property between the Hoffmans.  Plaintiffs argue the
transfers in Maine and Florida were fraudulent, and Plaintiffs
contend they were trying to set aside those property transfers in
order to use that property to satisfy the judgment obtained
against Valerie Hoffman in 2009 in the Oregon case.

Although the claims that Plaintiffs bring in this case
arise from the numerous interactions the parties have had over
the years, including the various lawsuits between them,
Plaintiffs' claims are effectively based on the Hoffmans'
allegedly fraudulent or misleading statements that Plaintiffs
assert were intended to deter Plaintiffs in their efforts to
collect the judgment obtained in Oregon state court.  In other

words, Plaintiffs do not seek to set aside the property transfers, but instead seek separate and distinct damages based on the allegedly fraudulent misrepresentations and conduct by the Hoffmans.

On this record the Court concludes Plaintiffs' claims do not involve the same rights and interests established in prior litigation or in a previous judgment.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss based on *res judicata*.

## G. Failure to State a Claim

Defendants also contend Plaintiffs fail to allege facts sufficient to support their claims.

### 1. Plaintiffs' Claim of Intentional Interference with Business Relations

Defendants contend Plaintiffs cannot state a claim for interference with business relations based on David Hoffman's complaint to Clackamas County authorities regarding Plaintiffs' use of their property. Moreover, Defendants argue any such communications were "privileged" in light of the litigation between Plaintiffs and the County.

Plaintiffs contend a privilege does not apply, and, even if it did, there was not any pending litigation at the time that David Hoffman made the statements to Clackamas County land-use authorities. As a result of David Hoffman's complaint, Clackamas County issued a cease-and-desist order that Plaintiffs contend caused injury to their business and resulted in damages to their business.

The parties' contentions, including David Hoffman's contention that his actions are privileged, raise issues of fact that cannot be resolved at this stage of the proceedings. As noted, the Court must construe the pleadings in the light most favorable to the Plaintiffs, and, therefore, the Court concludes on this record that Plaintiffs have alleged sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' claim against David Hoffman for intentional interference with business relations.

## 2.   Plaintiffs' Civil Conspiracy Claim

Defendants contend Plaintiffs' claim for civil conspiracy is not a separate theory of recovery and is not an independent cause of action.

Plaintiffs did not respond to Defendants' Motion as to this issue.

As noted, common-law claims are governed by Oregon state law, and under Oregon law civil conspiracy is not a separate theory of recovery. *See, e.g., Elkins v. City of Portland*, No. 08-cv-799, 2009 WL 928686, at *8 (D. Or., April 2, 2009)(citing *Bonds v. Landers*, 279 Or. 169, 175 (1977)); *Bliss v. Southern Pac. Co.*, 212 Or. 634, 642 (1958). "[C]onspiracy to commit or aiding and assisting in the commission of a tort are two of several ways in which a person may become jointly liable for another's tortious conduct." *Id.* (citing *Granewich v.*

*Harding*, 329 Or. 47, 55 (1999)).  Thus, "[t]he damage in a civil conspiracy flows from the overt acts and not from the conspiracy."  *Id.  See also Schmitz v. Mars, Inc.*, 261 F. Supp. 2d 1226, 1233 (D. Or. 2003) ("Plaintiff cannot state a separate common law claim based on conspiracy.").

Here Plaintiffs allege Defendants conspired by fraudulent conduct to prevent Plaintiffs from collecting the judgment obtained against Valerie Hoffman.  In other words, Defendants conspired to commit the tort of fraud and Plaintiffs' damages flow from the overt acts of fraud rather than from the conspiracy.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' civil conspiracy claim.

### 3.  **Plaintiffs' RICO Claim**

Defendants contend Plaintiffs fail to allege sufficient facts to state a claim for violation of RICO.

Plaintiffs failed to respond to Defendants' Motion as to this issue.

#### a.  <u>The Law</u>

A violation of RICO statutes requires proof of "1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity." *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000)(quoting *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496 (1985)).

Under § 1962(c) an enterprise includes any "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish the existence of an associated-in-fact enterprise, a plaintiff must produce both "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007). In addition, a plaintiff must establish there is an enterprise "separate and apart from" the pattern of racketeering. *Id*. at 549-50. A group cannot be an enterprise, however, unless it exists independently from the racketeering activity in which it engages. It must have a structure for making decisions and mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an *ad hoc* basis. A conspiracy is not a RICO enterprise. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 163 F. Supp. 2d 1268, 1279 (D. Or. 2001), *aff'd*, 348 F.3d 1116 (9th Cir. 2003).

RICO defines a "pattern of racketeering activity" as follows: A "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). RICO

defines "acts of racketeering" in pertinent part as follows:

> any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . ., which is chargeable under State law and punishable by imprisonment for more than one year.

18 U.S.C. § 1961(1).

### b.  <u>Analysis</u>

Although Plaintiffs allege Defendants engaged in numerous activities, none of their allegations meet the requirements of the statutory language.  On this record, therefore, the Court concludes Plaintiffs have not alleged sufficient facts to "state a claim for relief that is plausible on its face."

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' RICO claim.

### H.  **Declaratory Judgment for Referral for Criminal Prosecution and Civil RICO**

In their Second Amended Complaint Plaintiffs seek declaratory judgment that Defendants have violated RICO and request referral of this matter to the United States Attorney for the District of Oregon and the Attorney General of the United States for criminal prosecution.

Based on the Court's determination that Plaintiffs have not stated a claim for violation of RICO statutes, the Court **GRANTS** Defendants' Motion to Dismiss as to this issue and **STRIKES** Plaintiffs' request for declaratory judgment.

## II.  **Defendants' Alternative Motion to Strike**

Defendants also move to strike numerous allegations of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that they are "redundant, immaterial, impertinent, or scandalous."

In light of the Court's rulings on Defendants' Motion to Dismiss, the Court directs Plaintiffs to file a Third Amended Complaint in order to remove allegations and references related to the civil conspiracy and RICO claims.  The Court also directs Plaintiffs to amend their complaint to set forth the factual allegations in chronological order as they relate to the remaining claims of fraud and intentional interference with business relations.

Accordingly, the Court **DENIES as moot** Defendants' Motion to Strike.


### CONCLUSION

For these reasons, the Court **GRANTS in part** Defendants' Motion (#111) to Dismiss as follows:

1. **DISMISSES with prejudice** each of Plaintiffs' claims against Valerie Hoffman as barred by the discharge in bankruptcy;

2. **DISMISSES with prejudice** as to bringing such claims in this Court all of Plaintiffs' claims against non-debtor Defendants Wesley Amos Hawk, Peaceful Properties, and Hoffman and Hawk for lack of service and lack of the Court's personal

jurisdiction over these Defendants;

    3. **DISMISSES with prejudice** Plaintiffs' claim for civil conspiracy and RICO violations against non-debtor Defendant David Hoffman for failure to state a claim; and

    4. **STRIKES** Plaintiffs' request for declaratory judgment and referral for criminal prosecution.

    In all other respects, the Court **DENIES** Defendants' Motion to Dismiss.

    The Court **DENIES as moot** Defendants' Alternative Motion (#114) to Strike.

    The Court **DIRECTS** Plaintiffs to file **no later than November 20, 2017,** a Third Amended Complaint consistent with this Opinion and Order.  The Court also **DIRECTS** Plaintiffs to include in the caption of the amended complaint only David Hoffman as the remaining named Defendant in this matter.

    David Hoffman's Answer to Plaintiffs' Third Amended Complaint will be **due no later than December 4, 2017**.

    After Defendant David Hoffman's Answer has been filed, the Court will schedule a Rule 16 Conference to set further case-management dates.

    IT IS SO ORDERED.

    DATED this 26th day of October, 2017.


                              /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States Senior District Judge

LIBERTY NATURAL PRODUCTS,
INC., and, JAMES R. DIERKING,                3:13-cv-00886-BR

        Plaintiffs,                    OPINION AND ORDER

v.

VALERIE HAWK HOFFMAN, AKA
VALERIE HOLLAND HAWK, AKA
VALERIE HAWK FUREY, AKA ARDEN
HOFFMAN, AKA ARDEN KOFFMAN,
AKA ALLIE LOUGHLIN, AKA ALLIE
LOUGHLIN; DAVID BOYD HOFFMAN,
AKA DAVID BOYD, AKA DAVID
KOFFMAN; SUNRISE HERBAL
REMEDIES, INC., DISSOLVED;
SAGE ADVICE OF PALM BEACH
INC., DISSOLVED; FRESH HERBS
AND TEAS, INC, LLC; PEACEFUL
PROPERTIES LLC; HOFFMAN AND
HAWK LLC; AND WESLEY AMOS
HAWK; AND UNNAMED PERSONS
AIDING THEM IN COURT
PROCEEDINGS,

        Defendants.

ROGER F. DIERKING
13513 NE Beech St.
Portland, OR 97230
(503) 257-7056

TIMOTHY J. VANAGAS
800 SE 181st Ave, Suite 101
Portland, OR 97223
(503) 667-2350

Attorneys for Plaintiffs

**WILLIAM D. BRANDT**
495 State St., Suite 500B
Salem, OR 97301
(503) 485-4168

Attorney for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Motion (#111) to Dismiss Under Rule 12(b) and the Alternative Motion (#114) to Strike Certain Paragraphs of Plaintiffs' Second Amended Complaint filed by Defendants Valerie Hawk Hoffman; David Hoffman; Wesley Amos Hawk; Peaceful Properties, LLC; and Hoffman and Hawk, LLC.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss and **DENIES as moot** Defendants' Motion to Strike.

## BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint and the pleadings submitted by the parties and are construed in the light most favorable to Plaintiffs.

Plaintiff Liberty Natural Products, Inc., is an Oregon corporation engaged in the manufacture, marketing, and distribution of herbal extracts. Plaintiff James R. Dierking is the president, CEO, and sole shareholder of Liberty Natural.

Defendant Valerie Hoffman is a Florida resident and was the president of Defendant Sunrise Herbal Remedies, Inc., a Connecticut corporation. Sunrise was engaged in the sale and

distribution of herbal extract consumer goods and did business in
Oregon.  On May 1, 2006, Sunrise was dissolved.  On May 23, 2006,
Valerie Hoffman formed Defendant Sage Advice of Palm Beach, LLC,
a Florida corporation, which was also subsequently dissolved.  In
February 2007 Valerie Hoffman formed Defendant Fresh Herbs and
Teas, LLC, a Florida corporation, which was also subsequently
dissolved.  Defendant David Hoffman, the former husband of
Valerie Hoffman, is also a Florida resident and was the manager
and operator of Sunrise and Fresh Herbs.  Defendant Peaceful
Properties, LLC, is a Maine corporation formed by David Hoffman
for the purpose of holding certain real property.  Defendant
Wesley Amos Hawk, who is Valerie Hoffman's father, is a resident
of Connecticut and was the general manager of Defendant Hoffman
and Hawk, a dissolved Connecticut limited liability company.

Sometime in 2008 Liberty filed an action against Valerie
Hoffman, David Hoffman, and Sunrise in Clackamas County Circuit
Court for debts owed to Liberty Natural.  Valerie Hoffman filed a
counterclaim against Liberty.  In April 2009 Liberty obtained a
judgment in the Clackamas County case for $152,252.91 against
Valerie Hoffman and Sunrise.  David Hoffman was found not liable
for the debts owed by Valerie Hoffman and Sunrise.

In December 2010 Liberty filed another action against
Valerie Hoffman, Sunrise, Sage, and Kevin Brague in Clackamas
County Circuit Court and asserted a claim for wrongful use of
civil proceedings.  On March 2, 2011, Valerie Hoffman filed a
Notice of Removal to federal court, Case No. 3:11-cv-00264.  The

removal action was assigned to Magistrate Judge Dennis J. Hubel.

On May 29, 2013, Liberty and James R. Dierking filed a Complaint in this court, Case No. 3:13-cv-00886, asserting claims for intentional interference with business relationships and fraud against all Defendants. Plaintiffs also sought an injunction against Defendants and a declaration that Defendants had violated federal RICO statutes. The case was assigned to this judicial officer.

On July 25, 2013, Valerie Hoffman filed a Notice (#10) of Bankruptcy Filing in which she stated that she had filed a petition in the United States Bankruptcy Court for the Middle District of Florida seeking relief under Chapter 13 of the bankruptcy laws.

On July 29, 2013, the Court directed the parties to file a notice with this Court and to indicate whether there was a basis for this action to proceed without obtaining relief in the bankruptcy court from the automatic stay. Order (#11).

On August 11, 2013, Plaintiffs filed a Notice (#12) of Basis to Continue Proceedings Without Obtaining Relief from Automatic Stay, requested the Court "sever all claims" as to all Defendants other than Valerie Hoffman, and requested leave to file a motion for preliminary injunction as to all other Defendants. Plaintiffs also requested leave to seek relief from the automatic stay in the bankruptcy court as to Valerie Hoffman.

On August 26, 2013, Valerie Hoffman filed a Response to Plaintiffs' Notice and provided a copy of an Order issued by

Magistrate Judge Hubel staying the case assigned to him based on Valerie Hoffman's bankruptcy filing.

On August 29, 2013, the Court issued a stay in this case. The Court stated:

> [T]here is not any basis to find the automatic stay
> does not apply to Defendant Valerie Hoffman in whatever
> capacity she may be designated in Plaintiffs' Complaint
> and to the other named Defendants for whose actions
> Hoffman is allegedly responsible.  Thus, the Bankruptcy
> Court is in the best position to determine the extent
> to which these litigants' issues should be resolved in
> the bankruptcy proceeding as opposed to this pending
> matter.  Accordingly, the Court finds the automatic
> stay applies in this action, which the Court now STAYS
> for all purposes pending an order from the Bankruptcy
> Court authorizing relief from stay as to all or part of
> this action. . . .  Finally, unless such relief [from]
> stay is obtained before December 16, 2013, the Court
> will then dismiss this action without prejudice to
> Plaintiffs' efforts to pursue its claims in the
> Bankruptcy Court.

Order (#16).

On December 15, 2013, Plaintiffs filed a Motion (#24) to Continue this case pending further proceedings in the Bankruptcy Court.

On December 28, 2013, the Court granted Plaintiffs' request, continued the case, and directed Plaintiffs to file a status report after relief from the stay was obtained or on resolution of the bankruptcy matter.  Order (#28).

On January 8, 2015, Plaintiffs filed a Status Report (#38) and stated the bankruptcy court had issued an order "providing relief of the automatic stay to Liberty and Dierking to continue the litigation in the Oregon District Court against non-Debtors David Boyd Hoffman, Peaceful Properties, LLC, Hoffman and Hawk,

LLC, and Wesley Amos Hawk."

On January 14, 2015, the Court granted Plaintiffs leave to
file a motion to continue these proceedings against the non-
debtor Defendants.  Order (#39).  On February 11, 2015,
Plaintiffs filed a Motion (#41) to Continue Proceedings against
the non-debtor Defendants.

On March 2, 2015, the non-debtor Defendants filed a Motion
(#44) to Dismiss Plaintiffs' Complaint based on lack of personal
jurisdiction, improper venue, lack of proper service, and failure
to state a claim.  The non-debtor Defendants indicated their
Motion to Dismiss was a "Limited Appearance."  They also filed a
Response (#45) to Plaintiffs' Motion to Continue Proceedings
against them on the same grounds asserted earlier in their Motion
to Dismiss.

On April 10, 2015, Plaintiffs filed a Motion (#58) to
Postpone Court Action on the Defendants' Motion to Dismiss Until
Plaintiff Has Made Service upon the Defendants Wesley Hawk and
David Hoffman and Their Depositions Have Been Taken and a Motion
(#59) to Allow Service by Alternative Means.  On April 16, 2015,
the non-debtor Defendants filed their oppositions (#62, #63) to
Plaintiffs' Motions.

On April 17, 2015, the Court denied Plaintiffs' Motion to
Postpone Court Action on Defendants' Motion to Dismiss and set a
briefing schedule for Defendants' Motion to Dismiss and
Plaintiffs' Motion for Alternative Service.  Order (#65).

On July 8, 2015, the Court denied Plaintiffs' Motion to

Continue Proceedings against David Hoffman, Peaceful Properties, Hoffman and Hawk, and Hawk. Order (#78). The Court stated:

> After considering the parties' Motions, the Court concludes although the automatic bankruptcy stay no longer necessitates a stay of this matter as to Defendants David Boyd Hoffman; Peaceful Properties, LLC; Hoffman & Hawk, LLC; and Wesley Amos Hawk, the continuance of a stay is, nonetheless, appropriate in the exercise of this Court's case-management discretion because the claims in this action against the non-debtor Defendants are inextricably intertwined with the claims against the bankruptcy debtor Defendant Valerie Hawk Furey (formerly Valerie Hawk Hoffman).

The Court also denied as moot Defendants' Motion to Dismiss and Plaintiffs' Motion for Alternative Service.

On February 9, 2017, Defendants filed a Notice (#93) of Discharge in Bankruptcy as to Valerie Hoffman. On March 6, 2017, the parties filed a Joint Status Report (#95) asserting various positions regarding the effect of the bankruptcy discharge.

On March 9, 2017, the Court lifted the stay in this case and directed the parties to file by March 24, 2017, a Joint Statement of Remaining Issues and a proposed case-management schedule.

On April 3, 2017, in response to the parties' Joint Statement, the Court stated:

> The Court concludes an important step to moving this matter to conclusion requires a current statement of all Plaintiff[s'] claims that Plaintiff[s] contend[] should be litigated in this proceeding, and, therefore, the Court concludes in the exercise of its case-management discretion that Plaintiff[s] should be permitted to file an Amended Complaint. The Court also notes because Defendants' original Motion to Dismiss (#44) was denied as moot (#78) and because that Motion to Dismiss raised issues of jurisdiction and service, those fundamental legal matters need to be addressed in motions against any Amended Complaint if Plaintiff[s] choose[] to file an Amended Complaint or against the existing Complaint (#1) together with Defendants'

> challenge referenced in the Joint Statement (#97) in
> which Defendants assert all claims against them are
> barred because of the bankruptcy discharge of Valerie
> Hoffman.

Order (#99). The Court subsequently set deadlines for the filing of Plaintiffs' Amended Complaint and Defendants' "answer, motion to dismiss, or other challenge" to the Amended Complaint.

On July 10, 2017, Plaintiffs filed an Amended Complaint (#107). On July 13, 2017, Plaintiffs filed a Second Amended Complaint (#108) to "correct clerical errors in Plaintiffs' Amended Complaint" and to assert claims for fraud, intentional interference with business relations, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq.* Plaintiffs also seek an injunction and declaratory judgment referring Defendants to the United States Attorney for criminal prosecution.

On August 7, 2017, all Defendants filed their Motion (#111) to Dismiss and Alternative Motion (#114) to Strike.

**STANDARDS**

I. **Motion to Dismiss**

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. *Id.* at 556.
"The plausibility standard is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that
a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546).  When a
complaint is based on facts that are "merely consistent with" a
defendant's liability, it "stops short of the line between
possibility and plausibility of entitlement to relief." *Iqbal*,
556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).  *See also Bell
Atlantic*, 550 U.S. at 555-56.  The court must accept as true the
allegations in the complaint and construe them in favor of the
plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure
8 "does not require 'detailed factual allegations,' but it
demands more than an unadorned, the-defendant-unlawfully-harmed-
me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
U.S. at 555).  *See also* Federal Rule of Civil Procedure 8(a)(2).
"A pleading that offers 'labels and conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do.'"
*Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint also does not
suffice if it tenders "naked assertion[s]" devoid of "further
factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits

attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

## II. __Motion to Strike__

Motions to strike are disfavored and are not the proper vehicle to dismiss a claim for failure to state a claim. *Pinnacle Sys., Inc. v. XOS Tech., Inc.*, No. C-02-03804, 2003 WL 21397845, at *4 (N.D. Cal., May 19, 2003). Federal Rule of Civil Procedure 12(f) allows the court to strike any "redundant, immaterial, impertinent, or scandalous material." To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy. *Employers Ins. of Wausau v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 391 (S.D. Cal. 1994), *opin. amended on reconsideration*, 948 F. Supp. 942 (S.D. Cal. 1995). "Immaterial matter" within the meaning of Rule 12(f) is material that does not have any essential or important relationship to the claim or the defenses being pleaded. *Van*

*Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1367 (N.D. Cal. 2007).

When considering a motion to strike, the court must view the pleadings in the light most favorable to the nonmoving party. *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## **DISCUSSION**

In their Second Amended Complaint Plaintiffs allege a myriad of facts regarding actions by and between the parties over many years in Maine, Florida, and Oregon. The basis of this action is the inability of Plaintiffs to collect a judgment they obtained in Oregon against Valerie Hoffman and the allegedly fraudulent conduct by Defendants that kept Plaintiffs from collecting that judgment.

## I.   **Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' claims on the grounds that (1) Plaintiffs' claims against Valerie Hoffman violate the discharge that she obtained in the bankruptcy proceeding and the settlement agreement between the parties; (2) Plaintiffs have not properly served Defendants David Hoffman, Wesley Amos Hawk, Peaceful Properties, and Hoffman and Hawk (non-debtor Defendants); (3) non-debtor Defendants are not subject to the personal jurisdiction of this Court; (4) Plaintiffs' claims

against all Defendants are barred by the applicable statute of limitations; (5) Plaintiffs fail to state a claim against all Defendants; and (6) Plaintiffs' claims against all Defendants are barred by the doctrine of *res judicata.* Defendants also contend Plaintiffs do not have standing to request that the Court refer this matter to the United States Attorney for criminal prosecution.

In their Response Plaintiffs contend (1) Defendants' Motion to Dismiss is not timely, (2) Valerie Hoffman is an indispensable party, (3) non-debtor Defendants were properly served and are subject to the jurisdiction of this Court, (4) Plaintiffs have adequately stated claims against all Defendants, and (5) Plaintiffs' claims against all Defendants are not barred by the statute of limitations or by *res judicata*.

### A. Claims against Valerie Hoffman

As noted, the Court stayed this case on August 29, 2013, based on the automatic stay imposed by the bankruptcy court at the time Valerie Hoffman filed for bankruptcy. Plaintiffs, nevertheless, contend Valerie Hoffman is "an indispensable party." Plaintiffs, however, fail to provide any legal authority to support their proposition, and the Court's Orders (#16, #78) relied on by Plaintiffs do not support their position. In those Orders the Court concluded the automatic stay imposed by Valerie Hoffman's bankruptcy petition applied to this action and was appropriate because the claims asserted against the non-debtor Defendants were "inextricably intertwined" with the claims

against Valerie Hoffman to such a degree that Plaintiffs' claims against the non-debtor Defendants *might* become moot if Valerie Hoffman was discharged in bankruptcy.

In addition, Defendants attach to their Motion to Dismiss a copy of the Settlement Agreement dated November 7, 2014, between Plaintiffs and Valerie Hoffman. In that Settlement Agreement the parties agreed Plaintiffs would withdraw their opposition to Valerie Hoffman's discharge in bankruptcy and agreed

> [u]pon the filing by [Plaintiffs] of a motion for relief from the automatic stay to continue litigation in Oregon and Florida against non-debtor defendants, David Hoffman and Wesley Hawk, [Valerie Hoffman] will consent to, or not oppose, the relief requested in such motions, so long as such motions are limited to seeking relief from the automatic stay to continue litigation against the non-debtor defendants only.

Decl. of William Brandt (#113), Ex. 3 at ¶ 6.

Based on the discharge in bankruptcy obtained by Valerie Hoffman and the Settlement Agreement between the parties, the Court concludes Plaintiffs' claims against Valerie Hoffman are barred. On this record, therefore, the Court concludes Valerie Hoffman is not an indispensable party for purposes of this litigation. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims against Valerie Hoffman.

**B.   Timeliness of Defendants' Motion to Dismiss**

Plaintiffs contend Defendants' Motion is not timely on the ground that it was filed more than four years after this action was commenced and after the Court's Order (#16) "established jurisdiction."

Federal Rule of Civil Procedure 12 requires a defendant to file a responsive pleading or motion within 21 days of being served with summons and complaint. Plaintiffs' initial Complaint in this case was filed on May 29, 2013. On July 17, 2013, Valerie Hoffman filed a Notice (#7) of Related Case advising the Court of the pending case before Magistrate Judge Hubel. On July 25, 2013, Valerie Hoffman filed her Notice (#10) of Bankruptcy Filing. As noted, the Court indicated its intention to stay this matter pursuant to the bankruptcy notice. Although Plaintiffs objected and requested this case to continue without obtaining any relief from the automatic stay, the Court, nevertheless, entered an Order (#16) on August 29, 2013, staying this case "for all purposes."

On January 8, 2015, Plaintiffs filed a Notice (#38) on Bankruptcy Motion Status stating the bankruptcy court had issued an order on December 16, 2014, providing relief from the automatic stay to allow Plaintiffs to continue the case in this Court as to the non-debtor Defendants.

On February 22, 2015, Plaintiffs filed a Motion (#41) to Continue Proceedings Against Non-Debtor Defendants.

On March 2, 2015, non-debtor Defendants filed a Motion (#44) to Dismiss Plaintiffs' Complaint on the grounds of lack of personal jurisdiction, improper venue, lack of service, and failure to state a claim. Non-debtor Defendants indicated their Motion was a "limited appearance."

On April 20, 2015, Plaintiffs filed a Motion (#58) to

Postpone Court Action on Defendants' Motion to Dismiss and a Motion (#59) to Allow Service by Alternative Means on David Hoffman and Hawk.

On July 8, 2015, the Court continued the stay in this case and denied as moot non-debtor Defendants' Motion (#44) to Dismiss and Plaintiffs' Motion (#59) to Allow Alternative Service. Order (#78).

On March 9, 2017, the Court lifted the stay in this case. Order (#96). The Court also noted the outstanding issues raised by non-debtor Defendants' original Motion (#44) to Dismiss filed in 2015 and the possibility that Plaintiffs "may choose to file an amended complaint."

On April 5, 2017, the parties filed a Supplemental Joint Case Management Statement (#100) in which they indicated Plaintiffs intended to file an amended complaint. The Court set a deadline of June 5, 2017, for Plaintiffs to file their amended complaint and on June 9, 2017, extended that deadline to July 10, 2017. On July 10, 2017, the Court extended the deadline for Defendants' response to August 7, 2017.

On July 10, 2017, Plaintiffs filed their Amended Complaint (#107) and on July 13, 2017, filed a Second Amended Complaint (#108) "to correct clerical errors." On August 7, 2017, Defendants filed their Motion (#111) to Dismiss.

On this record the Court concludes Defendants' Motion to Dismiss was timely filed.

## C. Service on Non-Debtor Defendants

Non-debtor Defendants contend they have not been properly served with summons and complaint in accordance with Rule 4©) because they have not been personally served.

### 1. The Law

Federal Rule of Civil Procedure 4(e) provides an individual within a judicial district of the United States may be served (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, (2) by personal service, (3) by service at the individual's dwelling or usual place of abode to someone of suitable age who also resides there, or (4) by service upon an agent authorized to receive service.

Oregon Rule of Civil Procedure 7D(2)(d)(I) provides service of a summons and complaint may be accomplished by personal service, substitute service, office service, or service by mail. Service by mail requires mailing true copies of the summons and complaint to the defendant by first class mail and by certified, registered, or express mail with return receipt requested. Under Oregon Rule of Civil Procedure 7D(2)(d)(ii) service is accomplished when the defendant signs a receipt for the mailing or seven days after the mailing if mailed to an address outside of the state. Or. R. Civ. P. 7D(2)(d)(ii).

### 2. David Hoffman has been properly served.

Plaintiffs argue the Court should conclude David

Hoffman has been served "because of the adverse inference stemming from his egregious misconduct" in avoiding personal service. Plaintiffs contend, in any event, David Hoffman was served through his attorney.

On February 11, 2015, Plaintiffs filed the Declaration (#43) of Roger Dierking in Support of Plaintiffs' Motion (#41) to Continue Proceedings Against Non-Debtors. Attached to the Declaration is an Affidavit of Due Diligence and Evasion submitted by a process server listing service attempts at David Hoffman's residence in Florida on June 29, July 10, July 12, and July 20, 2013, that were unsuccessful. Decl. Dierking at Ex. 11. On July 2, 2013, Plaintiffs mailed a copy of the Summons and Complaint to David Hoffman at his Florida residence by first class and certified mail. These mailings were returned as "unclaimed," "unable to forward," and "return to sender."

Although David Hoffman concedes the Florida address to which these mailings were sent was his residence, he contends he "was only in Florida on and off during the summer months of 2013."

Pursuant to the Federal Rules of Civil Procedure and the Oregon Rules of Civil Procedure, service by mail is allowed and is complete seven days after mailing to an out-of-state address. Plaintiffs' mailing to David Hoffman at his residence in Florida was made July 2, 2013, and, therefore, service was completed on him as of July 9, 2013.

**3. Hawk, Peaceful Properties, and Hoffman and Hawk have not been properly served.**

In their Response to Defendants' Motion to Dismiss Plaintiffs do not provide any arguments regarding service on Hawk, Peaceful Properties, or Hoffman and Hawk. In their Second Amended Complaint, however, Plaintiffs allege Hawk was served with summons and complaint by serving his attorney.

Service on an attorney does not qualify as service on the party unless the agent is authorized to receive process. Or. R. Civ. P. 7D(1). *See also Bishop v. OBEC Consulting Eng'rs*, 160 Or. App. 548, 555 (1999).

In summary, the Court concludes on this record that David Hoffman has been properly served with summons and complaint and Hawk, Peaceful Properties, and Hoffman and Hawk have not been properly served with summons and complaint. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as to David Hoffman and **GRANTS** the Motion as to Hawk, Peaceful Properties, and Hoffman and Hawk on the basis that these non-debtor Defendants have not been properly served.

### D.    Personal Jurisdiction

Even if Hawk, Peaceful Properties, and Hoffman and Hawk had been properly served, non-debtor Defendants contend this Court lacks personal jurisdiction over any of the non-debtor Defendants because they have not engaged in any conduct in Oregon sufficient to subject them to the jurisdiction of this Court.

Plaintiffs contend David Hoffman is subject to the jurisdiction of this Court on the grounds that he made regulatory complaints in Clackamas County that were intended to further the

conspiracy to damage and to intimidate Plaintiffs in their Oregon business. Plaintiffs also contend non-debtor Defendants entered a general appearance in this Court and subjected themselves to the Court's jurisdiction by filing an unopposed motion for extension of time to answer Plaintiffs' Amended Complaint.

## 1. The Law

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish that jurisdiction exists. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d at 1285). If the court makes a jurisdictional decision based only on pleadings and affidavits submitted by the parties, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). When determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of

uncontroverted allegations in the complaint. *Ochoa v. J.B.*
*Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002).
If the court rules on a defendant's motion to dismiss for lack of
personal jurisdiction without holding an evidentiary hearing, the
plaintiff's version of the facts, unless directly contravened, is
taken as true and the court must resolve factual conflicts in the
parties' affidavits in favor of the plaintiff. *Harris Rutsky &*
*Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129
(9th Cir. 2003).

### a.   General Personal Jurisdiction

For general personal jurisdiction to exist over a
nonresident defendant, the defendant must engage in "continuous
and systematic general business contacts" that "approximate
physical presence" in the forum state. *Id.* (citing *Helicopteros*
*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984),
and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d
1082, 1086 (9th Cir. 2000)).

### b.   Specific Personal Jurisdiction

When a court lacks general jurisdiction, the court
may, nonetheless, determine it has specific personal jurisdiction
when (1) the nonresident defendant purposefully directs his
activities or consummates some transaction with the forum, or
purposefully avails himself of the privilege of conducting
activities in the forum, thereby invoking the benefits and
protections of its law; (2) the claim arises out of or relates to

the defendant's forum-related activities; and (3) the exercise of
jurisdiction comports with fair play and substantial justice
(*i.e.*, it must be reasonable). *Schwarzenegger*, 374 F.3d at 802
(citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The
plaintiff bears the burden of satisfying the first two
requirements of this test. If the plaintiff fails to satisfy
either of these requirements, personal jurisdiction is not
established in the forum state. If the plaintiff succeeds in
satisfying the first two requirements, the burden shifts to the
defendant to "present a compelling case" that the exercise of
personal jurisdiction would not be reasonable. *Id.* (citing
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

> **2.    David Hoffman is subject to the personal
>         jurisdiction of this Court**.

Plaintiffs allege claims for fraud, intentional
interference with business relations, civil conspiracy, and RICO
violations. Although Plaintiffs allege numerous acts by David
Hoffman that occurred outside of the State of Oregon, Plaintiffs
specifically allege David Hoffman filed a land-use complaint with
Clackamas County in Oregon regarding Plaintiffs' business
operations and that complaint as well as other complaints made by
David Hoffman to the FDA and EPA interfered with Plaintiffs'
"contractual and prospective economic advantage" and constitute
sufficient contacts with this state to confer personal
jurisdiction over David Hoffman. Plaintiffs allege David Hoffman
filed complaints with Clackamas County and other federal agencies
regarding Plaintiffs' business operations in Oregon, and

Plaintiffs' claim of intentional interference with business relations arises out of or relates to these activities. David Hoffman's conduct supports the conclusion that he purposefully availed himself of the privilege of conducting activities in this state.

David Hoffman concedes he made statements against Plaintiffs in Oregon, but he contends the statements are privileged and, therefore, do not constitute sufficient contacts with the forum state to subject him to the personal jurisdiction of this Court.

Here the Court finds the facts related to David Hoffman's conduct in Oregon as alleged in this case fall short of being "continuous and systematic," and, therefore, they do not establish this Court's general jurisdiction over David Hoffman. David Hoffman, however, has not submitted any evidence that presents a "compelling case" that this Court lacks personal jurisdiction over him. David Hoffman's contention that his communications are "privileged" does not defeat the Court's exercise of personal jurisdiction over him. Such contention relates only to the legal efficacy of Plaintiffs' claim rather than whether this Court has personal jurisdiction over him.

On this record, therefore, the Court concludes Plaintiffs have met their burden to establish that David Hoffman is subject to the personal jurisdiction of this Court. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss for lack of personal jurisdiction as to David Hoffman.

**3. Hawk, Peaceful Properties, and Hoffman and Hawk are not subject to the personal jurisdiction of this Court.**

Plaintiffs have not submitted any evidence nor made any argument in response to Defendants' assertions that this Court does not have personal jurisdiction over Hawk, Peaceful Properties, or Hoffman and Hawk except to state that non-debtor Defendants' unopposed Motion (#109) for Extension of Time to Answer Amended Complaint constitutes a "general appearance" and subjects them to the personal jurisdiction of this Court. Non-debtor Defendants, in turn, contend such a motion is not an appearance sufficient to confer jurisdiction.

"Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court, and that overt act affirms an intention to appear." *Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986)(holding the defendants' three motions to extend time to respond to the complaint did not constitute a general appearance). In *Blankenship v. Account Recovery Services, Inc.*, the court held the defendant's participation in a telephone discovery conference and signing of the proposed discovery plan did not result in a general appearance. No. 15-cv-2551, 2017 WL 1653159, at *2 (S.D. Cal., May 2, 2017).

Here the first "appearance" in this case by Hawk, Peaceful Properties, and Hoffman and Hawk was their Motion (#44) to Dismiss filed March 2, 2015, in response to Plaintiffs' Motion to Continue Proceedings against them. In that Motion they specifically stated they were making a "limited appearance" and asserted the same defenses raised in their current Motion to Dismiss, which they also note is a "limited appearance."

On this record the Court concludes it does not have personal jurisdiction as to Hawk, Peaceful Properties, and Hoffman and Hawk. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims against Hawk, Peaceful Properties, and Hoffman and Hawk.

**E.    Statute of Limitations**

Even if this Court had personal jurisdiction over Hawk, Peaceful Properties, and Hoffman and Hawk, Defendants contend Plaintiffs' claim for fraud against all non-debtor Defendants is barred by the statute of limitations. Defendants assert the alleged fraudulent conduct (*i.e.*, the promise in 2006 or 2007 to pay Valerie Hoffman's debt by using property in Maine and Connecticut) purportedly took place more than two years before this action was filed in 2013. Defendants contend Plaintiffs knew or reasonably should have known about any alleged fraudulent conduct when Plaintiffs filed their action in Clackamas County against Valerie and David Hoffman.

In response Plaintiffs assert the two-year statute of limitations does not apply because Plaintiffs could not have

known of any fraudulent conduct by David Hoffman since the
litigation in Maine between Plaintiffs and David Hoffman
regarding the alleged fraudulent transfer of property was still
pending and had not been completely litigated.  Plaintiffs have
since filed a Notice (#124) on Related Case Status and provided a
copy of the Memorandum Decision of the Maine Supreme Court
affirming that trial court's judgment in favor of David Hoffman
that he did not fraudulently transfer the property in Maine to
Valerie Hoffman.

### 1.    The Law

Plaintiffs' claim for common-law fraud arises under
Oregon law and is controlled by Oregon's statute of limitations.
"[In] a diversity case, substantive issues are controlled by
state law and procedural issues are controlled by federal law."
*Erie R. Co. v. Tomkins*, 304 U.S. 64 (1938). "[S]tate law
determines when an action is commenced for statute of limitations
purposes." *Burroughs v. Shinn*, No. 04-cv-1019, 2006 WL 305910,
at *3 (D. Or. Feb. 7, 2006)(citing *Walker v. Armco Steel Corp.*,
446 U.S. 740, 751 (1980)).

In Oregon an action for fraud must be brought within
two years of the discovery of the allegedly fraudulent conduct.
Or. Rev. Stat. § 12.110(1).  For purposes of this statute a
plaintiff "discovers" the fraud "when the plaintiff knew or
should have known of the alleged fraud." *Bell v. Benjamin*, 232
Or. App. 481, 486 (2009)(citing *Mathies v. Hoeck*, 284 Or. 539,
542-43 (1978)). "Whether the plaintiff should have known of the

alleged fraud depends on a two-step analysis. First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry. If plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id.*

### 2. Analysis

Plaintiffs filed their original Complaint in this Court on May 29, 2013. In their Second Amended Complaint Plaintiffs allege their "claims are based on the Defendants' fraudulent activities against Plaintiffs in Plaintiff[s'] 2008 to 2009 Circuit Court of Clackamas County, Oregon proceedings and related prior and subsequent fraudulent and unlawful activities from 1994 to the present time in Connecticut, Maine and Florida Courts and in Oregon Circuit Court of Clackamas County, the Oregon United States District Court and the Florida Middle District Bankruptcy Court."

Although Plaintiffs allege numerous acts by Defendants that were purportedly fraudulent, many of which occurred more than two years before Plaintiffs filed their Complaint in this Court, Plaintiffs do not identify when they learned about these acts nor do Defendants provide any evidence as to this issue.

Defendants, however, argue a reasonable person in Plaintiffs' position would have investigated the financial status of Valerie and David Hoffman after failing to receive payment in 2006 or 2007 for their indebtedness as promised, and a reasonable

person, therefore, would have had notice that they had a possible claim against Valerie and David Hoffman.  Defendants argue Plaintiffs also were or should have been aware that the promise to pay was false when they sued the Hoffmans in Oregon in 2008.

The Court notes, however, the fact that Plaintiffs sued Valerie and David Hoffman to collect the delinquent debt that the Hoffmans had promised to pay does not, standing alone, support an inference that Plaintiffs at that time had knowledge of any fraudulent conduct by the Hoffmans.

On this record the Court cannot conclude as a matter of law that Plaintiffs had reasonable knowledge or had a reason to know that David Hoffman or any other Defendant had committed a fraudulent act more than two years before Plaintiffs filed their Complaint in this Court.  Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' fraud claim based on the statute of limitations with leave to Defendants to litigate this defense as a disputed issue of fact to be resolved by a jury.

F.    *Res Judicata*

Defendants contend Plaintiffs' claims for fraud and intentional interference with business relations are, in any event, barred by the doctrine of *res judicata*.  Defendants assert Plaintiffs could have litigated their fraud claim in the breach-of-contract action that Plaintiffs filed in Clackamas County in 2008 and/or in the actions filed in Maine and Florida.

In response Plaintiffs note there was not a claim for

intentional interference with business relations in any of the
other actions between the parties.  Plaintiffs also point out
that they are not seeking the same relief that was sought in
other litigation.

### 1.   The Law

The preclusive effect of a judgment is defined by claim
preclusion and issue preclusion, which are collectively referred
to as "*res judicata.*"  *Taylor v. Sturgell*, 553 U.S. 880, 892
(2008).  "Claim preclusion bars any subsequent suit on claims
that were raised or could have been raised in a prior action."
*Cumbre, Inc. v. State Compensation Ins. Fund*, No. 09-17190, 2010
WL 4643044, at *1 (9th Cir. Nov. 17, 2010)(citing *Cell Thera-
peutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir.
2009)).  "'It is immaterial whether the claims asserted
subsequent to the judgment were actually pursued in the action
that led to the judgment; rather, the relevant inquiry is whether
they could have been brought.'"  *Tahoe-Sierra Pres. Council, Inc.
v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.
2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*,
147 F.3d 905 (9th Cir. 1998)).  Issue preclusion, in contrast,
bars "successive litigation of an issue of fact or law actually
litigated and resolved in a valid court determination essential
to the prior judgment" even if the issue recurs in the context of
a different claim.  *Taylor*, 553 U.S. at 892.

By "preclud[ing] parties from contesting matters that

they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

## 2. Analysis

In 2008 Plaintiffs filed an action in Clackamas County Circuit Court against Valerie and David Hoffman to collect the account receivable owed by Valerie Hoffman. In 2011 Plaintiffs filed an action in Maine against Valerie and David Hoffman to set aside the transfer of property in 2007 from the Hoffmans to Peaceful Properties, LLC. In 2011 Plaintiffs also filed an action in Florida against the Hoffmans to set aside another transfer of property between the Hoffmans. Plaintiffs argue the transfers in Maine and Florida were fraudulent, and Plaintiffs contend they were trying to set aside those property transfers in order to use that property to satisfy the judgment obtained against Valerie Hoffman in 2009 in the Oregon case.

Although the claims that Plaintiffs bring in this case arise from the numerous interactions the parties have had over the years, including the various lawsuits between them, Plaintiffs' claims are effectively based on the Hoffmans' allegedly fraudulent or misleading statements that Plaintiffs assert were intended to deter Plaintiffs in their efforts to collect the judgment obtained in Oregon state court. In other

words, Plaintiffs do not seek to set aside the property transfers, but instead seek separate and distinct damages based on the allegedly fraudulent misrepresentations and conduct by the Hoffmans.

On this record the Court concludes Plaintiffs' claims do not involve the same rights and interests established in prior litigation or in a previous judgment.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss based on *res judicata*.

**G.   Failure to State a Claim**

Defendants also contend Plaintiffs fail to allege facts sufficient to support their claims.

**1.   Plaintiffs' Claim of Intentional Interference with Business Relations**

Defendants contend Plaintiffs cannot state a claim for interference with business relations based on David Hoffman's complaint to Clackamas County authorities regarding Plaintiffs' use of their property.  Moreover, Defendants argue any such communications were "privileged" in light of the litigation between Plaintiffs and the County.

Plaintiffs contend a privilege does not apply, and, even if it did, there was not any pending litigation at the time that David Hoffman made the statements to Clackamas County land-use authorities.  As a result of David Hoffman's complaint, Clackamas County issued a cease-and-desist order that Plaintiffs contend caused injury to their business and resulted in damages to their business.

The parties' contentions, including David Hoffman's contention that his actions are privileged, raise issues of fact that cannot be resolved at this stage of the proceedings. As noted, the Court must construe the pleadings in the light most favorable to the Plaintiffs, and, therefore, the Court concludes on this record that Plaintiffs have alleged sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' claim against David Hoffman for intentional interference with business relations.

### 2. Plaintiffs' Civil Conspiracy Claim

Defendants contend Plaintiffs' claim for civil conspiracy is not a separate theory of recovery and is not an independent cause of action.

Plaintiffs did not respond to Defendants' Motion as to this issue.

As noted, common-law claims are governed by Oregon state law, and under Oregon law civil conspiracy is not a separate theory of recovery. *See, e.g., Elkins v. City of Portland*, No. 08-cv-799, 2009 WL 928686, at *8 (D. Or., April 2, 2009)(citing *Bonds v. Landers*, 279 Or. 169, 175 (1977)); *Bliss v. Southern Pac. Co.*, 212 Or. 634, 642 (1958). "[C]onspiracy to commit or aiding and assisting in the commission of a tort are two of several ways in which a person may become jointly liable for another's tortious conduct." *Id.* (citing *Granewich v.*

*Harding*, 329 Or. 47, 55 (1999)). Thus, "[t]he damage in a civil conspiracy flows from the overt acts and not from the conspiracy." *Id.* *See also Schmitz v. Mars, Inc.*, 261 F. Supp. 2d 1226, 1233 (D. Or. 2003) ("Plaintiff cannot state a separate common law claim based on conspiracy.").

Here Plaintiffs allege Defendants conspired by fraudulent conduct to prevent Plaintiffs from collecting the judgment obtained against Valerie Hoffman. In other words, Defendants conspired to commit the tort of fraud and Plaintiffs' damages flow from the overt acts of fraud rather than from the conspiracy.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' civil conspiracy claim.

### 3. Plaintiffs' RICO Claim

Defendants contend Plaintiffs fail to allege sufficient facts to state a claim for violation of RICO.

Plaintiffs failed to respond to Defendants' Motion as to this issue.

#### a. The Law

A violation of RICO statutes requires proof of "1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity." *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000)(quoting *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496 (1985)).

Under § 1962(c) an enterprise includes any "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish the existence of an associated-in-fact enterprise, a plaintiff must produce both "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp*., 486 F.3d 541, 552 (9th Cir. 2007). In addition, a plaintiff must establish there is an enterprise "separate and apart from" the pattern of racketeering. *Id*. at 549-50. A group cannot be an enterprise, however, unless it exists independently from the racketeering activity in which it engages. It must have a structure for making decisions and mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an *ad hoc* basis. A conspiracy is not a RICO enterprise. *Rotec Indus., Inc. v. Mitsubishi Corp*., 163 F. Supp. 2d 1268, 1279 (D. Or. 2001), *aff'd*, 348 F.3d 1116 (9th Cir. 2003).

RICO defines a "pattern of racketeering activity" as follows: A "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). RICO

defines "acts of racketeering" in pertinent part as follows:

> any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . ., which is chargeable under State law and punishable by imprisonment for more than one year.

18 U.S.C. § 1961(1).

### b. <u>Analysis</u>

Although Plaintiffs allege Defendants engaged in numerous activities, none of their allegations meet the requirements of the statutory language. On this record, therefore, the Court concludes Plaintiffs have not alleged sufficient facts to "state a claim for relief that is plausible on its face."

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' RICO claim.

### H. Declaratory Judgment for Referral for Criminal Prosecution and Civil RICO

In their Second Amended Complaint Plaintiffs seek declaratory judgment that Defendants have violated RICO and request referral of this matter to the United States Attorney for the District of Oregon and the Attorney General of the United States for criminal prosecution.

Based on the Court's determination that Plaintiffs have not stated a claim for violation of RICO statutes, the Court **GRANTS** Defendants' Motion to Dismiss as to this issue and **STRIKES** Plaintiffs' request for declaratory judgment.

## II.  __Defendants' Alternative Motion to Strike__

Defendants also move to strike numerous allegations of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that they are "redundant, immaterial, impertinent, or scandalous."

In light of the Court's rulings on Defendants' Motion to Dismiss, the Court directs Plaintiffs to file a Third Amended Complaint in order to remove allegations and references related to the civil conspiracy and RICO claims.  The Court also directs Plaintiffs to amend their complaint to set forth the factual allegations in chronological order as they relate to the remaining claims of fraud and intentional interference with business relations.

Accordingly, the Court **DENIES as moot** Defendants' Motion to Strike.


### CONCLUSION

For these reasons, the Court **GRANTS in part** Defendants' Motion (#111) to Dismiss as follows:

1. **DISMISSES with prejudice** each of Plaintiffs' claims against Valerie Hoffman as barred by the discharge in bankruptcy;

2. **DISMISSES with prejudice** as to bringing such claims in this Court all of Plaintiffs' claims against non-debtor Defendants Wesley Amos Hawk, Peaceful Properties, and Hoffman and Hawk for lack of service and lack of the Court's personal

jurisdiction over these Defendants;

3. **DISMISSES with prejudice** Plaintiffs' claim for civil conspiracy and RICO violations against non-debtor Defendant David Hoffman for failure to state a claim; and

4. **STRIKES** Plaintiffs' request for declaratory judgment and referral for criminal prosecution.

In all other respects, the Court **DENIES** Defendants' Motion to Dismiss.

The Court **DENIES as moot** Defendants' Alternative Motion (#114) to Strike.

The Court **DIRECTS** Plaintiffs to file **no later than November 20, 2017,** a Third Amended Complaint consistent with this Opinion and Order.  The Court also **DIRECTS** Plaintiffs to include in the caption of the amended complaint only David Hoffman as the remaining named Defendant in this matter.

David Hoffman's Answer to Plaintiffs' Third Amended Complaint will be **due no later than December 4, 2017**.

After Defendant David Hoffman's Answer has been filed, the Court will schedule a Rule 16 Conference to set further case-management dates.

IT IS SO ORDERED.

DATED this 26th day of October, 2017.


                                   /s/ Anna J. Brown
                         _____
                         ANNA J. BROWN
                         United States Senior District Judge